TODD ET AL. *v.* DAVIDSON, RECEIVER.

[No. 27,121. Filed February 20, 1939. Rehearing denied March 13, 1939.]

*Harvey J. Elam, Wendell Rynearson, U. S. Lesh, Fes-*

ler, Elam, Young & Fauvre, James S. Lesh, Samuel F. Lesh, and James N. Wood, for appellants.

James A. Ross, John M. Kitchen, Matson, Ross, McCord & Clifford, Adolph Schreiber, Harry T. Ice, and James V. Donadio, for appellee.

TREMAIN, C. J.—This is an appeal from three judgments entered separately, but tried together by agreement of the parties on April 25, 1938.

Claims were filed against former receivers of J. F. Wild & Company, a State Bank, later succeeded by the receiver named in the caption, based upon alleged accommodation notes executed in 1926. Theretofore receivers of J. F. Wild & Company filed actions by cross-complaint against the makers of the notes, the suits were consolidated and a trial was had resulting in judgments adverse to the receivers. They appealed to this court, where the judgments of the trial court were reversed December 8, 1931. See Iglehart v. Todd (1932), 203 Ind. 427, 178 N. E. 685. Rehearings were denied April 1, 1932. In reversing the judgments this court directed the trial court to render judgments in favor of the appellants. Judgments were entered pursuant to that mandate and were paid by the makers of the notes.

The appellants, makers of the notes, or their representatives in this action, were appellees in that action. After the above judgments were entered, paid, and satisfied, the makers of the notes filed claims against the receiver upon the theory that the notes which formed the basis of the judgments entered upon the mandate of this court, were accommodation notes, executed for the accommodation of the bank, and, since the bank was the accommodated party, appellants are entitled to be reimbursed, and asked that the claims be allowed as general claims against the assets of the bank. It was alleged in one paragraph of the claims that, at the time the accommodation notes were executed to the bank in

the aggregate sum of $100,000 and placed among the bank's assets, the bank took out of its assets school bonds of the City of Indianapolis of the par value of $100,000 and placed them in escrow with the bank examiner of the State of Indiana as additional security for depositors and creditors of the bank, none of whom had knowledge of the escrow arrangement. The claimants charge that they are entitled to their just proportion of said bonds, or the proceeds thereof, for which they pray judgment.

To these claims or complaints the appellee receiver filed an answer in general denial and an affirmative answer in which he alleged that the matters involved herein were fully settled and adjudicated by the decision in *Iglehart* v. *Todd, supra,* and by reason of that decision the appellants are estopped from pleading the accommodation character of said notes or to deny liability thereon. A copy of the opinion is set out in full in the answer. It is further alleged that pursuant to the mandate of the Supreme Court in that case, the Marion Superior Court did enter judgments as alleged in the claims and that said judgments were fully paid and satisfied. The receiver alleged that the bank, after paying creditors and depositors the sum of $2,211,962.51, still is indebted to its creditors and depositors in the sum of $1,191,204.49, wherefore, the receiver asked that the remaining funds in his hands be applied to the payment of creditors and depositors, to which payments the claims herein should be subordinated.

Demurrers were filed to the special answers in each case upon the ground that the facts stated were not sufficient to constitute a defense to the complaints. The memorandum to the demurrers asserts that the issues in the former actions, relied upon as an estoppel, are not the same as the issues tendered herein; that the opinion of the Supreme Court in that case, resulting in judg-

ments against the claimants, did not involve any question as to whether the claimants, after making full payment of the obligations represented by the accommodation notes, should be entitled to the allowance of claims against the trust estate and be permitted to participate in the distribution upon an equal basis with other general creditors; that the answer fails to meet the issue tendered by appellants, to the effect that the claimants received no consideration for their notes upon which the former judgments were entered.

The demurrers were overruled with exceptions. Replies in general denial were filed to the affirmative answers. Upon a trial the court rendered judgments as follows: That each of the claimants recover of and from the receiver of the bank the amount of the notes together with interest thereon; that the sums due to the claimants should be and were "inferior, junior and subordinate" to the claims and rights of all depositors and creditors, both preferred and general, of the said J. F. Wild & Company, but superior to any and all claims of the stockholders of said bank in the final distribution of said estate.

To this judgment the appellants objected and filed motions to modify the judgment rendered. These motions were sustained in some particulars and overruled in others. Appellants then filed motions for a new trial, in which it is charged that the decision of the court was contrary to law and not sustained by sufficient evidence; that the portion of the decision which denied to the claimants the right to distribution on the same basis as other general creditors was not sustained by sufficient evidence and is contrary to law; that the decision denied the claimants' claim to a right of subrogation to the funds derived from the sale of the $100,000 of school bonds placed in escrow.

After the court overruled the motions for a new trial,

the appellants appealed and assigned as error for a reversal: (1) The trial court erred in overruling the several demurrers to the affirmative answers. (2) The court erred in overruling motions for a new trial. (3) The court erred in refusing to modify its judgment in certain particulars specified therein.

Upon appeal appellants first discuss the sufficiency of the affirmative answer filed by appellee and assert as a ground for a reversal that the answer fails to show any legal reason to order the payment of the appellants' claims subordinate to the claims of other creditors. That claim is based upon the premise that the maker of an accommodation note, after payment, possesses the legal right to recover the amount from the payee named in the note, under an implied contract of reimbursement.

The appellants are correct as to many general propositions asserted, viz.: That, after the payment of an accommodation note, the maker may recover the amount from the payee named in the note upon an implied contract of reimbursement; that assets of insolvents are to be distributed according to the rules of equity; that equality is equity; that the assets of an insolvent are to be distributed pro rata according to the amounts due the several creditors; and that the duty of an accommodated party to reimburse the party who made a payment as an accommodation is not affected by the insolvency of the accommodated party, where the insolvency was adjudicated before the right of reimbursement came into existence.

As a general proposition no fault may be found with either of the foregoing assertions. However, the trouble lies in the fact that they are not applicable to the case at bar. The appellants assume and assert that they are creditors of the bank. To a certain extent this is true, but it was adjudicated in *Iglehart* v. *Todd, supra,* that, as between appellants and the

creditors and depositors of the bank, the appellants are estopped to say that the notes were other than what they appear to be upon their face. Under that decision and upon correct principles of law, the appellants were nothing more than discharged debtors, and are not entitled to participate in the assets in the hands of the receiver adversely to the creditors and depositors of the bank. Upon their face the notes appeared to be no different from other notes held by the bank at the time the receiver was appointed. Even though the notes may have, in fact, been executed for the accommodation of the bank, without consideration, nevertheless, the creditors and depositors relied upon them as constituting part of the bank's assets. If by some secret arrangement between the makers of the notes and bank officials they were, in fact, not to become assets of the bank, such arrangement would amount to a fraud upon the bank creditors.

All of these questions have been decided in the Iglehart case contrary to appellants' position. They were bound to pay their notes, which they did after judgment of the court was rendered against them. They now ask to be subrogated as creditors and have their claims allowed and paid in common with the other creditors. Not being creditors themselves, but debtors of the bank only, no legal reason appears why they should be permitted to participate in common with other general creditors. Their claims are based upon an implied agreement upon the part of the bank to reimburse them. They have no reason to object; the trial court rendered judgment in their favor as against the receiver of the bank for the entire amount of the claim. They have not been deprived of any constitutional rights. No constitutional question is involved in this appeal. They are estopped to set up any right adverse to the other creditors, because such right does not exist,

and, not being in existence, it can be of no value. Until the general creditors are paid in full the appellants cannot be allowed under the law to participate in the distribution of the funds of the bank. They have disqualified themselves by their conduct as to general creditors to recover adversely to their interest, just as they disqualified themselves from the right to avoid paying their notes. When the court entered judgment that the appellants were liable upon their notes, alleged to be accommodation notes without consideration, that judgment was final and determinative of their rights as against the general creditors.

Many authorities might be cited in support of the decision of the principles announced herein, but they are discussed fully by the decision upon the first appeal.

Judgment of the lower court is affirmed.

Roll, J., absent.